CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 25, 2013

LETTER TO COUNSEL:

    RE:    *Shannon Wilson v. Commissioner, Social Security Administration*;
            Civil No. SAG-11-2331

Dear Counsel:

    On August 21, 2011, the Plaintiff, Shannon Wilson, petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 17). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

    Ms. Wilson filed her claims for benefits in March, 2009. (Tr. 149-56). Her claims were denied initially on May 19, 2009, and on reconsideration on October 19, 2009. (Tr. 62-69, 73-76). A hearing was held on November 29, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 27-55). Following the hearing, on February 1, 2011, the ALJ determined that Ms. Wilson was not disabled during the relevant time frame. (Tr. 8-26). The Appeals Council denied Ms. Wilson's request for review (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

    The ALJ found that Ms. Wilson suffered from the severe impairments of diabetes, depression, adjustment disorder, personality disorder, diabetic retinopathy without vision impairment, and fibromyalgia. (Tr. 14). Despite these impairments, the ALJ determined that Ms. Wilson retained the residual functional capacity ("RFC") to:

> [P]erform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b), consisting of lifting or carrying no more than twenty pounds at a time with frequent lifting or carrying of objects weighting no more than ten pounds. The claimant is able to sit up to six hours in an eight hour workday and stand or walk in excess of two hours but less than six hours in an eight hour workday, provided the claimant has the option sit or stand at will. The claimant is

> limited to occasional balancing, stooping, crouching, crawling, squatting, and kneeling. She is to avoid dangerous heights, ladders, and scaffolding. The claimant is able to understand, remember, carry out simple instructions, but not complex or detailed instructions. She is somewhat challenged staying on schedule, being on time, limiting her breaks to permitted times and producing satisfactory work, but with some extra effort, coaching and her understanding that it is an area that she needs to be mindful of, she can do it. She can also, with appropriate effort concentrate and pay attention to the level of work subject to simple instructions.

(Tr. 16). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Wilson could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 20-21).

Ms. Wilson presents two primary arguments on appeal: (1) that the ALJ erroneously assessed her RFC; and (2) that the ALJ erroneously made an adverse credibility assessment. Each argument lacks merit.

Ms. Wilson's challenge to her RFC has four subparts. First, she makes a boilerplate argument, with no specific reference to the ALJ's opinion in her case, suggesting that the ALJ failed to provide a fully detailed narrative discussion of her RFC. Pl. Mot. 3-7. I disagree. The ALJ provided a four page written narrative on the RFC alone, in which she summarized Ms. Wilson's hearing testimony, noted the contents of a Third Party Function Report, made a credibility determination, and analyzed the medical evidence of record. (Tr. 16-19). Ms. Wilson's boilerplate argument is therefore entirely inapplicable in this case.

Second, Ms. Wilson contends that the ALJ failed to evaluate appropriately the opinion of consultative examiner Dr. Peck. Pl. Mot. 7-8. In fact, the ALJ considered Dr. Peck's opinion, but noted inadequacies in Dr. Peck's assessment, particularly his diagnosis of "mild mental retardation." (Tr. 14, 18). Moreover, with respect to Ms. Wilson's mental health issues, the ALJ cited Ms. Wilson's lack of treatment, her non-compliance with prescribed mental health medications, her failure to seek specific mental health care, and the fact that she had only one recorded attempt at self-harm "approximately twelve years ago." (Tr. 18). The ALJ therefore cited substantial evidence supporting her mental health determination, particularly in light of the concurring evaluation from the state agency medical consultant and Ms. Wilson's activities of daily living. (Tr. 19, 510). Remand is therefore unwarranted.

Third, Ms. Wilson submits that the ALJ failed to consider adequately the opinion of the state agency consultant, G. Dale Jr., Ed.D. Ms. Wilson is correct that Dr. Dale checked eight "moderate limitations" in Section I of the opinion, and that the ALJ did not include all eight limitations in her hypothetical. (Tr. 508-09). However, the relevant portion of Dr. Dale's opinion is not Section I, which sets forth a series of "check the box" rankings, but Section III, which provides a detailed narrative functional capacity assessment. *See* Program Operations

Manual System DI 24510.060B (Mental Residual Functional Capacity Assessment). Because Section I does not include the requisite level of detail to inform the ALJ's opinion, an ALJ need not address each of the Section I limitations, and need not include each of those limitations in the hypothetical to the VE. *See, e.g., Andrews v. Astrue*, Civil No. SKG-09-3061, slip op. at *39 (D. Md. Oct. 25, 2011) (noting that "even if the ALJ had not explicitly addressed each of the mental function limitations appearing on Section I of the mental RFCA, he was not required to do so."). Section III of Dr. Dale's opinion comports with the ALJ's findings of moderate limitations in social functioning and concentration, persistence and pace, and the ability to remember, understand, and follow simple instructions. (Tr. 15, 16, 510).

Fourth, Ms. Wilson contends that the ALJ erroneously ignored medical evidence suggesting that she needed to elevate her legs. Pl. Mot. 10-11. A careful review of that evidence, however, does not establish a need for elevation that would interfere with Ms. Wilson's ability to function in an employment setting. None of the medical records cited establish a frequency or a duration for the recommended elevation, and some expressly suggest that the need could be addressed while seated in the workplace or during non-work hours. (Tr. 566, 732, 745-46, 771). For example, one report suggested elevation "while sitting at computer or watching TV". (Tr. 745-46). The ALJ therefore did not need to include an elevation limitation in the RFC.

Ms. Wilson's final argument is that the ALJ erred by making an adverse assessment of her credibility. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints, such as the limiting effects of an impairment. *Chater*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects [his] ability to work." *Id.* at 595. The ALJ followed that process in this case. The ALJ's opinion includes multiple explanations for her adverse credibility determination, with discussion of supporting medical and non-medical evidence. *See* (Tr. 17) ("[T]he objective findings in this case fail to provide strong support for the claimant's allegations of disabling symptoms and limitations. More specifically, the medical findings do not support the existence of limitations greater than those reported above."); *id.* ("[T]he claimant's physical examinations by Dr. Vilcu have been relatively unremarkable."); (Tr. 18) ("It appears that the eye surgeries and corrective lenses are adequately treating the claimant's vision problems."); *Id.* ("The undersigned notes the claimant's lack of treatment for these mental conditions as well as her none [sic] compliance with the medications she has been prescribed by her primary care physicians."); (Tr. 19) ("However, even with her diabetes related issues, the claimant's activities of daily living indicate her symptoms cannot be as drastic as alleged."). Because the ALJ supported the adverse credibility determination in Ms. Wilson's case with substantial evidence, remand is not appropriate.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 15) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 17) will be

GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

            Sincerely yours,

             /s/

            Stephanie A. Gallagher
            United States Magistrate Judge